Lipscomb, J.
This case comes before us on an appeal from the district court of the county of Galveston. Proceedings were commenced against the appellant before a justice of the peace, in the name of the governor, to recover the penalty of one hundred dollars, for selling spirituous liquors in less quantities than one quart, without having *(465) obtained a license. The jury returned a verdict for the defendant, and an appeal was taken to this court.
There was a bill of exceptions to the decision of the judge, in refusing to permit evidence that the tax collector for Galveston county was not duly elected, and had not given bond as required by law. The statement of facts agreed to shows that the defendant in the court below demurred to the action, and moved for an arrest of judgment and a new trial. It also appears on proof that the certificate of the election had been given by the proper authority to the collector, and that he had acted as collector since the 1st day of August. It was admitted that the defendant was occupied in the retail of spirituous licpiors in less quantities than one quart — that he had paid no license tax, and that he was so occupied in the county of Galveston.
In the 4th section of the act to raise a revenue (Acts of Last Session p. 147) is found the following provision in the enumeration of taxes imposed; “also of each and every such establishment.”' It is under this law that the tax is claimed. In the 29th section of the act to'provide for the assessment and collecting taxes (page 347) will be found the following enactment: “That if any person or persons wish to engage in any vocation or calling upon which a license tax has been imposed by law, such person or persons shall before engaging thereon pay to the assessor and collector of the county in which such vocation or calling is intended to be pursued, the amount of tax imposed upon the same for the use of the state, and obtain a receipt therefor; which receipt, upon being presented to the county clerk, shall entitle such person or persons to a license to pursue such vocation or calling for twelve months and- no longer,” etc. And in the 30th section of the same act, it is provided: “That if any person shall' fail or refuse to pay the amount of tax before engaging in any vocation or calling, and obtaining license therefor, according to the provisions of the preceding section, such person shall forfeit and pay double the amount of such license tax, for each and every month which such person or persons shall continue to engage in such vocation or calling,. to be recovered in any court of competent jurisdiction,” etc.
The first objection raised to the tax under these provisions is, that* the first act referred to does not impose a license tax, and that the- act. providing for the collection of taxes cannot enlarge the first and¡ bring in a new subject of taxation. It is true that the first act doss-not impose a license tax, eo nomine, but when it is seen to be, a.tax: on the occupation and that the last act is only providing for the .collection of the tax imposed by the first, there is no ambiguity in the-terms of the last act; and it must by the most reasonable.a»d..naturaL *(466) construction, when it uses the term license tax for pursuing an occupation or calling, refer to the same subject of taxation named in the first. Revenue laws are always construed most liberally to effect the end and aim of supplying the government the means of sustaining its existence; bnt we do not believe that it is necessary in this case to invoke a liberal construction. The meaning, when the two laws are taken together, is clear and conclusive. It is contended, however, that if the two acts of the legislature referred to can be construed to mean the tax sued for, they are void, because in-contravention of the provisions of the 27th section of the general provisions of the constitution of the’State. It is in the words following: “Taxation shall he equal and uniform throughout the state. All property in this state shall be taxed in proportion to its value, to be ascertained as directed by law, except such property as two-thirds of both houses of the legislature may think proper to exempt from taxation. The legislature shall have power to lay an income tax and tax all persons pursuing any occupation, trade or profession; provided, that the term occupation shall not he construed to apply to pursuits either agricultural or mechanical.” The word property, as used in the constitution, cannot by any forced, construction be tortured into meaning an occupation, calling or profession; and if the first part of the section can have any control over the exercise of the .power of the legislature at all, it is in this way: that it would restrain the enactment of a law which would make a difference at different places within the state on the‘tax imposed on the same occupation. This has not been done in the assessment law we have referred to; bnt it is said the proviso in the’'concluding part of the section is repugnant to the body of the section, and is therefore void. If this were admitted it would not be possible for the defendant to derive any advantage from the concession, because if so, it would only expose the excepted occupations to be taxed, should the legislature be disposed to do so. But this is not the effect of the proviso; it is not repugnant to the body of the section; it only qualifies and limits it. If the proviso has been repugnant to the body of the section so that it would destroy its effect and leave nothing operative in it, then the proviso would he void by the rule that it is not to he supposed that the main object of the act was intended to bo defeated; and if both cannot be sustained the proviso must yield; bnt the great object of the section can remain with full effect and give effect likewise to the proviso. We have no doubt of the constitutionality of the two acts first cited and that they are entirely reconcilable.
The point growing ont of the refusal of the court below to receive *(467) testimony, to show that the collector of taxes for the county of Galveston had not been duly elected, and had not given bond as required by law, will not require much consideration. The facts show that he had been commissioned as collector, and that he had acted as such from the first day of August preceding. Acting as an officer under color given by the commission made him such, de facto> until ejected in a proceeding having that object directly in view; and his authority would not be questioned under such circumstances in a collateral way. His official acts would be valid and he could legally collect the taxes and give receipts for the same.
Another objection made by the appellant is as to the party plaintiff. He contends that the governor had no' right in his own name to sue for the penalty accruing on a failure to pay the tax imposed. If this objection had been fairly presented, we should be inclined to give it our sanction. There is.no law authorizing such suits to be brought in the name of the governor, and in the absence of such authority we strongly incline to the opinion that the suit ought to be in the name of the political corporation, “ the state of Texas.” It is, however, a well settled rule, that when a good cause of action is shown and exception only to the person of the plaintiff, it. can only be sustained by a plea showing who is the person really entitled to be plaintiff; but as this point, in the view we shall take of another, is not essential in giving our judgment, we do not wish to be considered as expressing a decided opinion.
The last objection is that the justice of the peace had no jurisdiction to try the case. The constitution of the state, in section 17 of the judicial powers, declares that “Justices of the peace shall have such civil and criminal jurisdiction as shall be provided for by law.” It is then to the acts of the legislature, under this provision in our constitution, we must look for the definition of their civil and criminal jurisdiction, because whether the effect of the constitution would be to divest the justices of the peace of jurisdiction, given to them by the laws of the republic or not, is not material; because all such laws were repealed by the act of the legislature to organize justice courts and to define the powers and jurisdiction of the same. See Acts, p. 298. The 13th section of the above act and the 28th section of the same defines the jurisdiction of justices of the'peace. The 13th declares “ That justices of the peace shall have jurisdiction over all suits and actions for the recovery.of money on any account, bill, bond, promissory note or other written instrument; or for specific articles when the amount or value does not exceed one hundred dollars, exclusive of interest, costs and damages.” It is very clear that *(468) tins section does not give jurisdiction for the penalty in the case we have under consideration. We will proceed to the 28th section and see if that gives the jurisdiction claimed. It is in the words following, “That justices of the peace of this state shall have and exercise jurisdiction over all actions for torts, trespasses and other injuries, as well to persons as to property, sounding in damages where the damages claimed do not exceed one hundred dollars.” It will be seen that this section relates wholly to actions sounding in damages, and cannot be extended to a fixed and specific penalty. It will also be seen by reference to the 2d section of the act to organize the district courts and define their powers and jurisdiction (p. 200), that the distinct courts have jurisdiction “of all suits in behalf of the state to recover fenalties,fo?feitures and escheats. ”
But it is said that although the justices of the peace had not jurisdiction, yet when the case was taken by appeal to the district court — that court would retain it. In answer we will- only say that when the cause was taken by appeal to the district court, if the court a quo had not jurisdiction, the appellate court could have none. The suit should have been brought in the district court. That court had original jurisdiction; the justice of the peace had none. To sum up, our conclusion is that the license tax is legally imposed and recoverable, if the suit be brought in the district court in the name of the state. Of this we have no donbt. We incline to the opinion that it ought not to be in the name of the governor. The principle of this opinion embraces the case of Hasbrook v. The Governor. They will both be reversed.