*Litchfield,*
July, 1849.
___
Douglass
*v.*
Wickwire.

</div>

In this opinion the other Judges concurred, except WAITE, J., who was not present.

<div align="center">

Judgment to be affirmed.

</div>

## DOUGLASS *against* WICKWIRE.

The right of a person acting *colore officii,* to the office in which he acts, can be tried only in a proceeding to which he is a party, directly presenting that question; and not in a collateral way, between third persons.

Therefore, where *A* had entered into a recognizance for his appearance at an adjourned court held by a justice of the peace, in a prosecution by *B,* acting as a grand-juror, for a statute offence; and an action was afterwards brought, by the town treasurer, against *A,* on such recognizance; it was held, that *A* could not show, by way of defence, that *B* was not chosen a grand-juror until after six others had been chosen.

The record of a court of competent jurisdiction imports verity, and cannot be contradicted.

Therefore, where the record of a justice of the peace, in a criminal proceeding of which he had cognizance, stated, that the defendant was called, and made default of appearance; and the defendant, in a subsequent suit, offered testimony to prove, that he, in fact, appeared at the time and place appointed, and then temporarily withdrew, by the permission and at the request of the justice; it was held, that such testimony was not admissible.

THIS was an action of debt on a recognizance, brought by the plaintiff, as treasurer of the town of *Canaan.* The defendant pleaded the general issue, with notice of special matter to be given in evidence.

The cause was tried at *Litchfield, August* term, 1848.

The defendant had been brought before justice *Catlin,* on the complaint of *Fitch Ferris,* acting as a grand-juror of the town of *Canaan,* charged with a violation of the statute

regulating the sale of spiritous liquors. *Stat.* 600. §13. The cause was adjourned from the 27th day of *November*, to the 3d day of *December*, 1847, at 9 o'clock, *A. M.*; and from that hour to 12 o'clock of the same day; and the recognizance was entered into, by the defendant, to enforce his appearance at the latter time.

On the trial before the superior court, the defendant claimed, that the recognizance was void; and to show this, he offered evidence to prove, that at the preceding annual town meeting of the town of *Canaan*, six grand-jurors were successively chosen; that said *Ferris* was chosen afterwards; and as the statute does not authorize the appointment of more than six grand-jurors, to serve for the same year, in any town, it was claimed, that the appointment of Mr. *Ferris*, as a seventh grand-juror, was unauthorized and void. The court decided, that as Mr. *Ferris* professed to act by virtue of such appointment, he was a grand-juror *de facto*, and the defendant could not, in this action, avail himself of the alleged irregularity in his appointment.

From the record of justice *Catlin*, it appeared, that the defendant, at the time and place of said adjourned court, being three times publicly called, did not appear, but made default of appearance; and the recognizance was thereupon declared to be forfeited. Notwithstanding this, the defendant, on the trial in the superior court, offered witnesses to prove, that he did appear before said justice's court, at the time and place adjourned to, and was then and there heard until about 12 o'clock at night, when, as he claimed, at the request and by the permission of said justice, he left the court until he should be notified and requested to return; and that, although he was always ready and willing to return, he was not notified or requested so to do.

This evidence was objected to, on the ground that it contradicted the record; and the court excluded it, and thereupon rendered judgment against the defendant.

The defendant, claiming both decisions to be erroneous, moved for a new trial.

*Seymour* and *F. Bacon*, in support of the motion, after remarking, that a grand-juror is an officer of the law, and not an agent of the town; and the right of a town to appoint

grand-jurors, is exclusively derived from the statute, which provides, that every town shall choose not less than two nor more than six grand-jurors, (*Stat.* 144. §43.) contended,

1. That under this statute, the town of *Canaan* had *no power* to appoint a *seventh* grand-juror ; and such appointment was not only irregular and informal, but was *wholly void*. Such appointment therefore conveyed no *colour* of authority on *Fitch Ferris*. None of the cases respecting officers *de facto* have gone so far as to sanction the claim which the plaintiff here makes. In none of them has an officer been recognized as an officer *de facto*, unless his appointment was made by authority *competent to appoint.* Thus, in *Plymouth* v. *Painter, Storrs*, J., says of the officer, " He was more than a mere usurper—he was legally appointed," &c. 17 *Conn. R.* 589. But a town has no authority whatever, to appoint a seventh grand-juror ; and an attempt to make such an appointment, gives no *colour*, pretence or show of right, to exercise the office.

2. That the evidence offered to show a compliance with the condition of the recognizance, should have been received. This was a matter wholly *in pais.* The defendant offered to prove a valid excuse for not answering the call ; that he was requested to depart ; and that the call was made before a reasonable time had been allowed him to appear. The facts offered to be proved by him, are much more consistent with the *true meaning of this record*, than the facts proved in the case of *Burgess* v. *Tweedy*, 16 *Conn. R.* 40. The appearance or non-appearance of the party, is always matter of proof. In *Aldrich* v. *Kinney*, 4 *Conn. R.* 380., the court permitted the record, in this particular, to be flatly contradicted.

*J. H. Hubbard* and *Granger,* contra, contended, 1. That *Ferris* was, at least, a grand-juror *de facto ;* and that the acts of such an officer are valid, so far as the rights of the public, or of third persons, are concerned. *Plymouth* v. *Painter*, 17 *Conn. R.* 585., and cases therein cited. *Monson* v. *Hunt, Id.* 566.

2. That the testimony offered by the defendant, to prove an appearance by him at the justice's court, was properly rejected, because it tended to impeach a solemn record, and

because it called in question the integrity of the magistrate, whose conduct cannot be impugned, in this collateral manner. *Fox* v. *Hoyt,* 12 *Conn. R.* 491., and cases therein cited. The defendant's remedy is by an application for a rehearing.

HINMAN, J. The decision of the superior court as to the official character of the grand-juror, was clearly right. The public and third persons are not required to ascertain the legality of an officer's election or appointment. It is enough, if the officer acts under colour of an election or an appointment, by the only body which has the power to make it. The right to the office can only be tried in a direct proceeding, to which the officer is a party, and not in this collateral way. This is too well settled to be any longer a debateable point any where. *Plymouth* v. *Painter,* 17 *Conn. R.* 585. 592. *Monson* v. *Hunt, Id.* 566. *The People* v. *Stevens,* 5 *Hill,* 616.

2. The rejection of the evidence offered to show an appearance before the justice, was equally correct. It is an elementary principle, that a record imports verity, and cannot be contradicted. With us, this doctrine applies to the records of justices of the peace, as well as to those of the higher courts. *Fox* v. *Hoyt,* 12 *Conn. R.* 491. And it extends to everything, which it is made the duty of the court to record, and is material. In the case of *Potter* v. *Kingsbury,* 4 *Day,* 98., it was held, that where it was the duty of the justice to take bail, if offered, he might call the party and his bail, if there was a neglect to appear ; and then might make the proper entry of the default of appearance, and neglect to comply with the conditions of the recognizance, to be used as evidence of the fact, when a suit is brought on such recognizance. If then, the record of the defendant's default, was properly made, by justice *Catlin,* there would seem to be no doubt that it must, so long as it exists, be conclusive upon the defendant, and estop him from alleging or proving the contrary. Very many, and perhaps most, of our judgments in civil causes, are rendered upon the defendant's default; and the record is the only evidence of the fact, and is conclusive. Is there any reason for its conclusiveness in civil suits, which will not also apply to criminal proceedings? We know of none ; and none has been pointed out.

The case of *Aldrich* v. *Kinney,* 4 *Conn. R.* 380., has no application to this point. The record in that case, was contradicted, because it appeared, that the defendant had no legal notice of the suit; from which it followed, that the court had *no jurisdiction* of the cause. The want of jurisdiction may always be shown.

It was said, that the facts offered to be proved here, were more consistent with the record, than the facts proved in the case of *Burgess* v. *Tweedy,* 16 *Conn. R.* 40. But the court, in that case, distinctly recognized the principle, that a record cannot be contradicted. The court proceed throughout upon the idea, that the facts stated in the writ of error were consistent with the record—that they both stood well together. It is worthy of remark, also, that that was the case of a record of a party's default; and it was expressly said, in the reasons for that decision, that had the averment in the writ of error contradicted the record, the case would have been within the principle, that a record cannot be contradicted.

We are satisfied, that the rulings of the superior court were correct, and do not advise a new trial.

In this opinion the other Judges concurred, except **WAITE,** J., who was not present.

<div align="right">New trial not to be granted.</div>