FACEY v. FULLER.

---

## Richard A. Facey v. Ezbon G. Fuller.

*Public office — legal right of incumbent cannot be attacked collaterally — proof of user.* — The actual legal right of one who is the incumbent of an office cannot be tried in a collateral action between third parties, and in such case the mere proof of user by any one who knows the fact will be sufficient to give full sanction to his acts.

*Certificate of a Justice to a transcript of judgment — its effect.* — Where a Justice, in pursuance of the statute, (2 *Comp. Laws,* §3893,) certifies a transcript of a judgment from the docket of a former Justice, which he certifies is in his control, full credit will be given to such certificate, and it will be presumed that the docket is legally in his possession.

*Evidence — docket entries of a Justice may not be disproved.* — In a suit upon a Justice judgment, the docket entry of the Justice, that the defendant appeared and pleaded in such action, cannot be disproved.

*Heard October 10. Decided October 24.*

The facts sufficiently appear in the opinion.

*W. S. Geer,* for plaintiff in error:

1. There is no *legal proof* that the paper offered was a transcript from the docket of any *Justice of the Peace in Branch County,* or *any other county of this State.* There is no clause in our statute authorizing Porter to certify that Morehouse was formerly a Justice of Branch County, of this State. Porter, at most, could

only certify to the correctness of the copy of judgment; the balance was merely surplusage, and of no legal force, whether objected to or not. And, further, there was no testimony given showing that the signature of Porter was genuine, and no person was called who had official knowledge of said Porter's judicial functions, and the certificate does not carry with it the smallest degree of legal evidence that Morehouse was ever a Justice of Branch County, and, as such, rendered said judgment.

2. The want of jurisdiction may be shown by evidence, even where it tends to contradict the minutes or dockets which are kept by Justices of the Peace as records of their proceedings. — *Clark v. Holmes*, 1 *Doug.*, (*Mich.*,) 390.

This judgment had been rendered over five years before the plaintiff ever had any knowledge of its existence, as by him claimed. What remedy has the plaintiff in error, except to inquire into and contradict the jurisdictional facts therein recited? — See 4 *Selden N. Y. R.*, 57, *and cases there cited. Chemung Canal Bank v. Judson*, 4 *Selden*, 254, is directly in point. In this case Judge Ruggles says: "The power of this Court to inquire into the jurisdiction of the District Court of the United States is undoubted." Also, see 19 *Johns.*, 39; 8 *Wend.*, 569; 18 *Pick.*, 393; 1 *Exch.*, 1.

"No officer can acquire jurisdiction by the mere assertion of it, or by falsely alleging the existence of facts on which jurisdiction depends." — *Harrington v. People*, 6 *Barb.*, 607; 5 *Barb. S. C. R.*, 607.

The minutes made by a Justice of the Peace in making a record of a judgment taken before him are only *prima facie* evidence of the facts therein stated on which jurisdiction depends. — 6 *Barb.*, 607.

The objection taken was that the record could not be contradicted by parol testimony. This objection impliedly admits that a certain other class of testimony would be admissible.

FACEY *v.* FULLER.

If any testimony is admissible, the testimony that was offered should have been received, for the reason that it was impossible for the Court to say to what extent the plaintiff in error might have followed up his offer. This Court will not presume that the testimony offered was all that the plaintiff in error could have produced upon this subject. — 12 *Mich.*, 452.

Fraud and collusion will vitiate the return or record of any officer. — *Neal et al. v. Granger*, 8 *Mich.*, 450.

*E. G. Fuller*, in person:

Every Justice of the Peace shall keep a docket, in which he *shall* enter certain enumerated items. — *Comp. Laws*, §3890.

The original entry of the judgment or other proceedings, or a transcript certified by him, is good evidence thereof. — *Comp. Laws*, §3892.

And "a transcript from the docket of any Justice of the Peace of any judgment had before him, of the proceedings in the cause previous to such judgment, of the execution issued thereon, if any, and of the return of such execution, if any, when certified by the Justice having *control* of the docket, *shall be* evidence to prove the *facts stated in such transcript.*" — *Comp. Laws*, §3893.

Thus it appears a Justice Court, though not a court of record, because it has no seal, is authorized to keep a *docket*, and being clothed with common law jurisdiction for the trial of causes, such docket, "although not technically a record, is at least elevated to the dignity of a speciality;" "it has all the effects of a record." — *Niles v. Totman*, 3 *Barb.*, 594; *Rood v. School Dist. No. 7, of Town of Bloomfield*, 1 *Doug.*, 502.

(The following cases were cited as sustaining the point that a Justice docket, as to the appearance and plea of a defendant, cannot be collaterally disproved.) — 23 *Maine*, 114; 12 *Vt.*, 538; *Id.*, 657; 35 *Maine*; 1 *Richardson*,

147; 3 *Whart.*, 159; 3 *Barb.*, 597; 4 *Shep.*, 18; 4 *Dana*, 499; *Stohoff v. Dunham*, 4 *Harr.*, 181; *Smith v. Shockleford*, 9 *Dana*, 452; *Brintnall v. Foster*, 7 *Wend.*, 103; *McCarty v. Marsh*, 1 *Seld.*, 263; *Dyckman v. The Mayor of New York*, 1 *Seld.*, 434; *Seldon v. Wright*, 1 *Seld.*, 497; *Stevens v. Maugum*, 27 *Miss.*, 481.

I am unable to see any reason why the sworn judgment entries of Justices of the Peace in this State, (such as they are required to make,) with their enlarged jurisdiction, "vested with all such powers as are usual in courts of record, except the power of setting aside a verdict and arresting judgment thereon," (*Comp. Laws,* §3656,) should be open to contradiction by *parol*, when the entries of a clerk of the circuit are not. They, at least, ought to be considered as sacred as judgment records of another State, (*Wilcox v. Kassick*, 2 *Mich.*, 165,) or a constable's return.

There is no force in the objection to the introduction of the transcript. It is perfect; and the certificate of A. L. Porter, the Justice who had control of Morehouse's docket, in every particular, complies with the statute. The transcript recites all that is necessary to give the Justice jurisdiction both of the person and subject matter, and the judgment is in due form. The certificate of Porter, which was in evidence, and returned to this Court, shows most conclusively the county and State where the judgment was rendered. A docket from any other county or State would not be "under his control;" at least, there is a fair presumption raised that such judgment was rendered in the County of Branch. Certainly there is no denying that Porter was a Justice of the Peace in the County of Branch, and State of Michigan, and had control of Morehouse's docket. Then it follows that the transcript certified by him "*should* be evidence to prove the facts stated." — *Comp. Laws,* §3893.

FACEY v. FULLER.

The general rule is, that every fair intendment should be allowed in support of judicial proceedings. "Where office copies are made evidence by law, the hand-writing of the attesting officer need not be proved."—*Bryan v. Wease*, 4 *Miss.*, 106.

CAMPBELL J.:

Fuller sued Facey upon a judgment purporting to have been rendered in his favor, against said Facey, by one D. C. Morehouse, Justice of the Peace. The judgment was proved by the certificate of Albert L. Porter, Justice of the Peace, who certified a transcript from Morehouse's docket, stating the docket and judgment to be under his possession and control.

It was objected that the evidence of Porter's being a Justice of the Peace was insufficient, because proof was made by an ordinary witness, and not by the county clerk, or other person having official knowledge. The proof was full and clear that Porter was an acting Justice in Coldwater, Branch County, at the date of the certificate. It is not usually necessary to prove more than this, and the acts of a person in the full enjoyment of public office do not require any further sanction. The actual legal right of an incumbent cannot be tried in a collateral action between third parties, and the *user* of an office may be proved by any one who knows the fact.

It is also objected that it does not appear that Porter had any authority to make the transcript. He is a person in whose custody the docket of a former Justice of the same place may legally be placed; and when he certifies that it is actually in his custody, it must be presumed to be there, and to have been placed there by lawful means. If a certificate of an officer cannot prove that the document he certifies is in his custody, it can be of no value as evidence. When the law pro-

vides for such proof, it regards the certifying officer as acting under his official oath, and gives credit to his acts accordingly. Our statute expressly provides for just such a certificate, and declares that the transcript, when certified, "shall be evidence to prove the facts stated in such transcript."—2 *Comp. Laws*, §3893. We think that when a Justice certifies such a transcript, the original must be presumed to be in his legal control.

The defendant below offered to prove that no process was ever issued or served on him in the original suit, and that he never appeared in it. The docket shows service and return of a summons, a personal appearance, and plea of the general issue, and regular proceedings to judgment.

Among other things required by law to be entered by a Justice on his docket, are, "the time when the parties appear before him, either without process or on the return of process," and, "when the pleadings are made orally, a concise statement of the declaration of the plaintiff, the plea of the defendant, the further pleadings of the parties, if any, and the issue joined."—2 *Comp. Laws*, §3890. This appearance and pleading can only be made in open Court, in the presence of the Justice. Whether, therefore, a party appears and pleads, is a fact which must come within his personal knowledge, and on which his subsequent action must always be based. Without deciding how far questions of jurisdiction can be considered open in other cases, we think that, where the Justice has found and entered these facts of personal appearance and pleading in the cause it would be entirely unsafe to permit them to be disproved, any more than to allow any question on the merits to be reviewed. The law respects his judicial action, and will not allow his assertions of what he must personally know to be disputed. There is some conflict in the authorities as to how far jurisdiction,

when recited, may be impeached. But since the return of a ministerial officer of personal service is unimpeachable, we think it would be little short of absurd to deny to the finding by a Justice of a fact within his own knowledge, at least as much credit as is due to his constable's certificate. There is no question of identity raised in the present case. We think the Court was right in refusing to allow the docket to be contradicted. As appearance and pleading would dispense with personal service of process, we express no opinion upon the testimony offered to dispute the issue and service of summons.

There is no error in the judgment, and it must be affirmed, with costs.

The other Justices concurred.