## Ex Parte D. Call, Jr.

1. HABEAS CORPUS.—Relator, being convicted by a justice of the peace as a delinquent road-hand, appealed to the county court, and by it was again convicted, and detained in custody till payment of the fine and costs; and thereupon he sued out *habeas corpus* to the court of appeals, setting out the proceedings of the county court, and alleging them to be void for want of jurisdiction, and on account of alleged ineligibility of the county judge. *Held*, that, the county court having acquired jurisdiction by the appeal, its judgment cannot be revised on *habeas corpus.*

2. QUO WARRANTO.—When the incumbent of an office is exercising its functions, his title to it cannot be contested in a collateral proceeding, but only by a direct proceeding, to which he is a party.

3. INCOMPATIBLE OFFICES.—If an incumbent of an office be appointed to another and incompatible office, his acceptance of, and qualification for, the latter vacates the former.

HABEAS CORPUS sued out to the Court of Appeals.

The relator, Dennis Call, Jr., alleged that he was illegally restrained of his liberty by the sheriff of Orange county, by virtue of a judgment rendered by the county court of said county, to the effect that the state of Texas have and recover of the relator the sum of $5 and costs of suit, and that he remain in the custody of the sheriff until said fine and costs are paid.

Relator alleged that the cause wherein said judgment was rendered was tried at the March term, 1877, of said county court, and that all the proceedings in said trial were irregular, illegal, and void.

32

The petition of the relator proceeded at great length to set out the proceedings which resulted in the judgment of the county court, and his detention thereunder. That judgment purported to have been rendered on an appeal, by the relator, from a judgment of a justice of the peace against the relator as a defaulting road-hand. The relator, it appears, was a citizen of the incorporated town of Orange, and of precinct No. 1 of Orange county. But he was summoned to work a public road several miles distant from the corporation, and, on his default, proceedings against him were instituted before the justice of the peace of precinct No. 2, in the manner provided for by the act of July 29, 1876.

Being adjudged by the justice of the peace to pay a fine of $5. and costs, the relator appealed to the county court.

In the county court he moved that the case be transferred to the district court, alleging that the county judge was interested and prejudiced by his previous orders and action as a member of the commissioner's court of the county, and was disqualified to act as county judge because when he accepted that office he was a deputy United States marshal, and still was such deputy marshal, whereby, under the Constitution of this state, he was rendered ineligible to the office of county judge. This motion was overruled by the county court, and the relator excepted.

Relator excepted to the jurisdiction of the county court on the ground that the justice's court of precinct No. 2 had no jurisdiction; and he also set up other defenses in the county court. These, however, need not be detailed here, as the case is disposed of upon the single question discussed in the opinion.

*George McCormick*, Assistant Attorney General, moved to dismiss the writ of *habeas corpus*, because it is apparent that the relator is detained by virtue of a valid judgment of

·conviction, rendered by a court of competent jurisdiction, unsatisfied and not appealed from; because the writ of *habeas corpus* was invoked to accomplish the purpose of an ·appeal; and because this court has no jurisdiction.

*Chenault & O'Brien*, for the relator.

*John P. C. Whitehead*, also for the relator. It is submitted that the motion to dismiss ought not to prevail. Taking it for granted that the relator is held by virtue of a judgment of the county court, if such judgment is void *ab initio*, he is illegally restrained of his liberty and is entitled to a hearing. Pasc. Dig., Art. 2606.

While it is true this court will not entertain the writ if the ·errors complained of render the proceedings voidable only, it will do so if they render them void. *Perry* v. *The State*, 41 Texas, 488.

If there are allegations in the petition denying the jurisdiction of the court, this court will hear the case on its merits, as a judgment rendered by such a tribunal is null and void, and restraint thereunder is illegal. *Perry* v. *The State*, 41 Texas, 488.

If the court finds from the petition that there is substantial merit in it, notwithstanding it may contain irrelevant allegations, it will not dismiss in consequence thereof. State Const., Art. 1, sec. 12; Pasc. Dig., Art. 2588; *Darrah* v. *Westerlage*, 44 Texas, 388.

On the merits of this cause the relator relies with perfect confidence on the facts shown by the record.

By the act of incorporation of the town of Orange, passed September 1, 1856, it is expressly provided that the board of aldermen "shall have and exercise exclusive control over the streets and other public places in the town, and that the citizens working such streets should be ·exempted from road duty." From the provisions of the

charter it is very clear that the relator was not at that time subject to road duty, except such as might be imposed by the authorities of the town of Orange.

It is true that the town of Orange reorganized under the general act of January, 1858, to provide for the incorporation of towns and cities; but the board of aldermen still retain the power of having and exercising control over the streets and other places in the town. Pasc. Dig., Art. 5263. They retained, after reorganization, the power to enforce this provision of the original charter. Pasc. Dig., Art. 5281.

The judgment is void and of no effect, because the judge was absolutely disqualified from holding his position, having been at the time a deputy United States marshal. Const., Art. 16, sec. 40.

The justice of the peace had nó jurisdiction; wherefore the county court could have none. Acts of 1876, p. 157, sec. 8.

The proceedings were illegal and void because they should have been instituted in the district court. Acts of 1876, p. 69, sec. 30.

Under the act of 1876, known as the road law, and under which the relator is sought to be detained, the remedy prescribed is not a criminal proceeding, but a civil one in the nature of a *qui tam* action. Act of 1876, secs. 18, 31; Const., Art. 1, sec. 10; 1 Bac. Abr. 87.

*Walton, Green & Hill*, also for the relator.

WHITE, J. It is a general rule that the title of an incumbent of a judicial office cannot be impeached collaterally and indirectly, and that, while he is in possession of the office, discharging its ordinary functions, his official acts are conclusive as to all persons interested. *Cooper* v. *Moore*, 44 Miss. 386.

An officer *de facto* is a person who is such by color of election, though ineligible, or though the office was not vacant.   *Gregg* v. *Jamison*, 55 Pa. St. 468.

The right of a person acting *colore officii* to the office in which he acts can be tried only in a proceeding to which he is a party, directly presenting the question, and not in a collateral way between third persons.   *Douglass* v. *Wickwire*, 19 Conn. 489 ; *Facey* v. *Fuller*, 13 Mich. 527 ; *Bean* v. *Thompson*, 19 N. H. 290 ; *Com.* v. *McComb*, 56 Pa. St. 436.

In a suit concerning the public, as for the recovery of a penalty which goes only to the treasury, the title of an acting public officer cannot be collaterally questioned.   *Creighton* v. *Piper*, 14 Ind. 182.   See, also, *McKim* v. *Somers*, 1 Pa. St. 297 ; *Eaton* v. *Harris*, 42 Ala. 491 ; *Kaufman* v. *Stone*, 25 Ark. 336 ; *The State* v. *Lewis*, 22 La. An. 33 ; Ex parte *Strong*, 21 Ohio St. 610 ; *Aulanier* v. *The Governor*, 1 Texas, 653 ; *The State* v. *Carroll*, 38 Conn. 449 ; *The People* v. *Hopson*, 1 Denio, 575.

The appointment of one to an office incompatible with the one he holds at the time of appointment is not absolutely void ; the first office becomes vacant on his accepting the second and qualifying for it.   *People* v. *Carrington*, 2 Hill, 93 ; *Hoglan* v. *Carpenter*, 4 Bush, 189.

In *Taylor* v. *Skrine*, 2 Const. R., it was held that, when a person has been appointed a judge under an act which has been declared unconstitutional and void, his acts were nevertheless adjudged to be valid until the commission was declared void.

The result from all the authorities seems to be that, in matters which concern the public, the officer's title to his office (he being in the exercise of its duties) cannot be questioned unless in a direct proceeding having for its object the contestation of his right to hold the office.   *The People*

v. *Stevens*, 5 Hill, 630; *Green* v. *Burke*, 23 Wend. 490; *The People* v. *White*, 24 Wend. 520.

The law as above laid down disposes of the main question presented by the record in this case, which was as to the right of the county judge of Orange county to exercise the functions of that office, he being, at the time of his election to said office, a deputy United States marshal.

This in our opinion disposes of the only question necessary to be considered in this case. For, if he was legally county judge, then he could hear and determine appeals from justices' courts when, as in this case, properly taken; and, if the jurisdiction of the county court properly attached in the case, then the action of that court is not, and cannot be made, a subject of revision by proceedings on *habeas corpus*. *Darrah* v. *Westerlage*, 44 Texas, 388; *Perry* v. *The State*, 41 Texas, 488; Ex parte *Scwartz*, decided at the present term of this court, *ante*, p. 74; Hurd on Hab. Corp. 331.

The county court had jurisdiction of the case on appeal from the justice's court, and the judgment of said court is final. General Laws 1876, ch. 27, sec. 3; ch. 110, sec. 3; Const., Art. 5, sec. 16. The proceedings had before the justice's court were regular and in conformity with the law.

The opinion of this court is that the applicant for the writ of *habeas corpus* be adjudged to pay all the costs of this proceeding, and that the writ of *habeas corpus* be dismissed.

*Writ dismissed.*