KINGSLAND, FERGUSON & CO. v. F. A. HARRELL.

(No. 431, Tex. L. J., vol. 2, p. 584.)

APPEAL from Montgomery County. Opinion by WHITE, J .

§ 736. *The right of one acting colore officii cannot be tried in a collateral proceeding.* Where one of the grounds set out in the petition for injunction was that the constable making the levy had never qualified and given bond officially, *held,* the right of a person acting *colore officii* to the office in which he acts can be tried only in a proceeding to which he is a party, directly presenting the question, and not in a collateral way, between third persons. [Douglass v. Nickwire, 19 Conn. 489; Facey v. Fuller, 13 Mich. 527; Bean v. Thompson, 19 N. H.

290; Conner v. McComb, 56 Pa. St. 426; Ex parte Call, 2 Tex. Ct. App. 497; Aulainier v. The Governor, 1 Tex. 653.]

§ 737. *Estoppel by execution of replevy bond.* The execution by plaintiffs of a replevy bond to the constable amounted to an admission on their part that the levy was a valid one, and operated an estoppel to their denial of its legality. [Portis v. Parker, 8 Tex. 23.]

§ 738. *Sheriff's bond; no formal order of approval necessary to its validity.* The delivery of a sheriff's bond to the chief justice for the approval of the county court is a sufficient delivery on the part of the obligors, and a deposit and record of it in the proper office fully evidences its delivery to and acceptance by the state, and renders it effectual without other evidence of approval by the county court. [Wright v. Leath, 24 Tex. 24.] No formal order of approval of a sheriff's bond by the county court is necessary to its validity. [Poer v. Brown, 24 Tex. 34.]

§ 739. *Right of defendant to point out property.* A sheriff is not required to call upon the defendant to exercise his privilege of pointing out property unless he was within the county, nor to apply to his agent unless it was known to him that the defendant had an agent there, duly authorized for that purpose. [Cook v. De La Garza, 13 Tex. 436.] And where a defendant seeks to enjoin a sale under the execution on the ground that the levy was made in violation of his right to point out property, he must show that he pointed out or offered as a substitute other property liable to execution sufficient to satisfy the execution, or if such other property is insufficient, that he requested the sheriff to levy on it and sell it before selling the property he desired to reserve, and that the sheriff in either case refused. [Ross v. Lister, 14 Tex. 469; Smith v. Frederick, 32 Tex. 256.]

March 8, 1879. Reversed and remanded.