JAMES B. STUBBS v. CITY OF GALVESTON.

(No. 1961.)

APPEAL from Galveston County.   Opinion by WHITE, P. J.

J. W. KELLEY and J. B. STUBBS, counsel for appellant.

L. E. TREZEVANT, counsel for appellee.

§ 143. *Quantum meruit; insufficient count upon, in suit against a municipal corporation; case stated.*   Appellant, as plaintiff in the county court, sued to recover of defendant $212.90, balance of salary alleged to be due him as city attorney of Galveston, Texas, which office he was elected to and held from April 5, 1882, to July 7, 1885, when his successor duly qualified; the annual salary was $1,800, payable in equal monthly installments.

Plaintiff also claimed the amount as due upon a *quantum meruit*, averring the performance of services beneficial to defendant, the acceptance thereof and the obligation to pay their reasonable value.

Defendant filed a general demurrer and special exceptions, which latter were sustained to the second ground of the petition and trial amendment, and answered, after a general denial, that plaintiff was not entitled to recover because he was state senator when elected city attorney, and was therefore disqualified, not having resigned the senatorship; also that on May 25, 1885, the mayor nominated George P. Finlay, Esq., for the office of city attorney, and although the council did not confirm him, that under the charter plaintiff's term ceased upon the qualification of the nominee.

To these defenses plaintiff excepted specially; the court sustained the first and overruled the second exception.

Plaintiff by supplemental petition alleged that the nomination made May 25, 1885, was not valid for the reason that the person assuming to act as mayor in making said nomination had no authority to do so, not having been elected to said office as the charter requires, and not holding the same under the adjudication of any competent tribunal, to which replication an exception was sustained.

It was further alleged by the plaintiff that the proviso of section 3 of the charter of the city of Galveston, as amended, under which it is claimed that the nominees of the mayor to elective offices are invested with the rights and functions thereof without election by the council or qualification as prescribed by the constitution and charter, is unconstitutional because notice of the intention to apply for the passage of such law was not published as required by sec. 57, art. 3, of the constitution.

The case was tried by the court without a jury and judgment rendered for the defendant, and he prosecutes this appeal. *Held:* The court did not err in sustaining special exceptions to plaintiffs' petition in so far as the same pleaded a *quantum meruit.* Suit being to enforce liability upon a municipal corporation for *services rendered,* the allegations in the petition are insufficient. "Acceptance of such services must be evidenced by ordinance (or express corporate action) to that effect. If not originally authorized no liability can attach upon any ground of implied contract. The acceptance, upon which alone the obligation to pay could arise, would be wanting. [1 Dill. Munic. Corp. (3d ed.), § 460.] "Where work done for a corporation, without complete legal authorization, is beneficial to it, and the price reasonable, strong evidence of the assent of the corporation is not required, but such assent must be shown." [Id. § 464.] Whether the charter limits the corporate authority in its power to make contracts or not, the city cannot be bound by an implied contract for services rendered, unless the serv-

ices were originally authorized by ordinance, or subsequently accepted by express corporate action. [Bryan v. Page, 51 Tex. 532.] No such allegations were made in the *quantum meruit* count of the petition.

§ **144.** *Corporate organization; legality of, cannot be questioned collaterally.* It was not error to overrule plaintiffs' demurrer to defendants' answer alleging the incumbency of plaintiffs' successor in the office of city attorney, during the period covered by plaintiffs' claim. Nor was it error to overrule plaintiffs' demurrer which attacked the authority of the mayor, upon the ground that he had not been elected in the manner required by the city charter. " When a municipal corporation appears to be acting under color of law, and its existence is not questioned by the state, it cannot be collaterally drawn in question by private parties; and the rule is not different, although the constitution may prescribe the manner of incorporation." [1 Dillon Munic. Corp. (3d ed.) § 43.] Even in proceedings to enforce ordinances, the illegality of the corporate organization cannot be shown to defeat a recovery; in such a collateral proceeding, evidence that the corporation is acting as such is all that is required. [Id. § 418.] "The right of a person acting *colore officii*, to the office in which he acts can be tried only in a proceeding to which he is a party, directly presenting the question, and not in a collateral way between third parties." [Ex Parte Call, 2 Tex. Ct. App. 497, and cases there cited.] Neither the mayor or city attorney were parties to this suit, and hence the legality of their election or appointment could not be thus inquired into.

§ **145.** *Tenure of office; constitutional provision as to, applicable to what officers; not applicable to officers of municipal corporation.* It is insisted by appellant that section 3 of the city charter is in conflict with, and derogation of, section 17 of article 16 of the state constitution, which provides that all officers within this state shall continue to perform the duties of their offices until their

successors are duly qualified. The portion of said provision of the charter objected to reads as follows: "Provided, that if any nomination of the mayor is not confirmed by a majority of the council, the person so nominated shall hold the office to which he was nominated until the next regular meeting of the city council, when the mayor shall nominate again; and if such person so nominated is not confirmed, it shall be the duty of the mayor to continue to nominate some person for such office at each regular meeting of the. city council thereafter until his nomination shall be confirmed by a majority of the city council; and each nominee of the mayor shall hold the office to which he was nominated until after another nomination by the mayor at the next regular meeting of the city council. But the mayor shall not nominate the same person more than twice for the same office."

We apprehend that the constitutional provision invoked refers to state and county officers, and not to non-elective officers of a municipal corporation. "Cities having more than ten thousand inhabitants may have their charters granted or amended by special act of the legislature." [Const. sec. 5, art. 11.] In the general law with regard to municipal corporations there is an express provision that all *elected* officers shall hold their offices until their successors shall have been duly elected and qualified. [R. S. art. 518.] But the city attorney of Galveston is not an elective officer. He is appointed by nomination of the mayor, and such appointment is valid and sufficient to dispossess an incumbent of the office, whose term of office has expired by limitation, or who has been removed from office by the mayor. In so far as the provision in the charter refers to appointed officers, it is not in conflict with the constitution.

§ **146.** *Special law; notice of intention to apply for enactment of; sufficiency of such notice.* It is contended by appellant that the notice given of intention to apply for the enactment of a special law amending the city

charter, was not sufficient to authorize the provision referred to in the preceding section, which provision is a part of said amended charter. The notice was as follows: "To amend section 3 of said charter so as to provide that the mayor shall appoint the attorney and auditor, and to create the office of harbor master and provide for his appointment and salary, and to make the terms of all officers two years." *Held*, the constitution requires only the substance of the contemplated law to be given in the published notice. [Const. sec. 57, art. 3.] The above notice was sufficient for the purpose. It certainly was never contemplated that the notice should give the *minutiæ* of the law desired. The requirement is fully met when all the provisions of the law as enacted are germane to the subject-matter of the notice, which is the case in this instance.

March 17, 1886. Affirmed.