

# THE ATTORNEY GENERAL
# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 29, 1951

Hon. Jack M. Allen
County Attorney
Ochiltree County
Perryton, Texas

Dear Sir:

Opinion No. V-1164

Re: Authority of the com-
missioners' court to
approve the bond of a
justice of the peace
who does not reside in
the precinct of his
office.

You have requested an opinion concerning the au-
thority of the commissioners' court to approve the bond of
a justice of the peace who does not reside in the precinct
of his office.

Section 18 of Article V, Constitution of Texas,
provides:

"Each organized county in the State
now or hereafter existing, shall be divided
from time to time, for the convenience of
the people, into precincts, not less than
four and not more than eight. The present
County Courts shall make the first division.
Subsequent divisions shall be made by the
Commissioners' Court, provided for by this
Constitution. In each such precinct there
shall be elected at each biennial election,
one justice of the peace and one constable,
each of whom shall hold his office for two
years and until his successor shall be elect-
ed and qualified; provided that in any pre-
cinct in which there may be a city of 8000
or more inhabitants, there shall be elected
two justices of the peace. . . ."

Article 2927, V.C.S., provides:

"No person shall be eligible to any
State, county, precinct or municipal office
in this State unless he shall be eligible to
hold office under the Constitution of this
State, and unless he shall have resided in

this State for the period of twelve (12)
months and six (6) months in the county,
precinct, or municipality, in which he of-
fers himself as a candidate, next preceding
any general or special election, and shall
have been an actual bona fide citizen of
said county, precinct, or municipality for
more than six (6) months.  No person ineli-
gible to hold office shall ever have his
name placed upon the ballot at any general
or special election, or at any primary elec-
tion where candidates are selected under
primary election laws of this State; and no
such ineligible candidate shall ever be
voted upon, nor have votes counted for him,
at any such general, special or primary
election.  No person, who advocates the
overthrow by force or violence or the
change by unconstitutional means of the
present constitutional form of government
of the United States or of this State,
shall be eligible to have his or her name
printed on any official ballot in any gen-
eral, special, or primary election in this
State."

The provisions of Article 2927, above quoted,
require that a precinct officer be a resident for a pe-
riod of six months next preceding the date of election
in the precinct of his office.  Although the justice of
the peace referred to in your request has not been a re-
sident in the precinct of his office, you state that he
has been elected and has assumed and performed the duties
of his office for the last twenty-five years.  Under these
circumstances, it is our opinion that he is at least a de
facto officer "until ejected in a proceeding having that
object directly in view."  Aulanier v. The Governor, 1
Tex. 653, 666 (1846); Williams v. Castleman, 112 Tex. 193
247 S.W. 263 (1922).

Williams v. Castleman held that one who was in-
eligible to fill the office of justice of the peace be-
cause he had not resided in the precinct six months prior
to the date of his appointment became at least a de facto
officer by virtue of his appointment and entering upon
the duties of the office.

Article 2373, V.C.S., provides:

Hon. Jack M. Allen, page 3 (V-1164)

"The qualified voters of each justice pre-
cinct in this State, at each biennial election,
shall elect one justice of the peace, styled
in this title 'justice,' who shall hold his of-
fice for two years. Each justice shall give
bond payable to the county judge in the sum of
one thousand dollars, conditioned that he will
faithfully and impartially discharge the duties
required of him by law, and will promptly pay
over to the party entitled to receive it, all
moneys that may come into his hands during his
term of office."

Article 2373, it is noted, does not state with
whom the bond of the justice of the peace should be filed
and approved, nor is there any other statutory provision
setting out this duty. It is our opinion, however, that
the commissioners' court has the implied authority to
approve a bond executed by a justice of the peace in con-
formity with the provisions of Article 2373.

Section 20 of Article III, Constitution of
Texas, provides that no person who at any time may have
been a collector of taxes shall be eligible to any of-
fice of trust or profit under the State government until
he shall have obtained a discharge from the amount of
such collection. In construing this provision, it was
held in Oglesby's v. State, 73 Tex. 648, 11 S.W. 873
(1889), that it was not the duty of the Comptroller's
office to determine the question of eligibility for the
office of assessor-collector in approving or disapprov-
ing his bond, although evidence may have been before the
Comptroller which showed that the assessor-collector had
not obtained his discharge for the moneys collected by
him as required by Section 20 of Article III.

It is therefore our opinion that the commis-
sioners' court cannot determine the eligibility of the
person in question for the office of justice of the
peace in approving or disapproving the bond, but its
sole function is to pass upon the bond and approve it
if it is in conformity with the statute.

SUMMARY

The commissioners' court cannot deter-
mine the eligibility of an individual to

Hon. Jack M. Allen, page 4   (V-1164)

hold the office of justice of the peace in
approving or disapproving his bond, but its
sole function is to pass upon the bond and
approve it if it is in conformity with Ar-
ticle 2373.  Oglesby's v. State, 73 Tex.
648, 11 S.W. 873 (1889).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton
Reviewing Assistant

Charles D. Mathews
First Assistant

JR:mw

Yours very truly,

PRICE DANIEL
Attorney General

By _John Reeves_
John Reeves
Assistant