POWERS *against* LOCKWOOD.

IN error, on *certiorari*, from a justice's court.

*Lockwood* brought an action against *Powers*, before the justice, for that the dog of *Powers* had killed a calf belonging to the plaintiff. Issue was joined, and the cause was then adjourned, on the motion of the defendant, from the 2d to the 9th *December*, and a jury was summoned at the request of the plaintiff. After the parties had appeared on the return of the *venire*, the defendant's attorney moved for an adjournment, on the ground of the absence of *Jonathan Howard* and another material witness, and offered to make the requisite oath and give the security. This application was made after some dispute about the right of the plaintiff to appear by attorney, and after the defendant had said that he wanted one *Parker*, as a witness, who soon after appeared. The motion was denied by the justice. Evidence was then given, on the part of the plaintiff. The jury found a verdict for the plaintiff, on which the justice gave judgment.

*Per Curiam.* The only question in this case is, whether the defendant made his application in season. One adjournment had already been made, at his request, after issue was joined. It does not appear that during the period of that adjournment, the defendant took any steps to procure the attendance of the witnesses he afterwards alleged that he wanted. This application must be made in due season. It would clearly be too late, if it was not made

*Marginal note:*
NEWYORK, May, 1812.

POWERS v. LOCKWOOD.

After issue joined in a cause, before a justice of the peace, the defendant obtained an adjournment for 7 days, and on the return of the *venire* at the day appointed for trial, he again moved for an adjournment, on account of the absence of a material witness, and offered the requisite security; it was held, that he was not entitled to a second adjournment, on the usual affidavit, without showing diligence to procure the witnesses, after the first adjournment, or some reason, to the satisfaction of the court, for his neglect to do so.

until the *jury* had been sworn, and the plaintiff had entered upon his proof. There must be some reasonable limitation to the time of the application, and of which the court is to judge. After one adjournment at the request of, the defendant, to enable him to prepare for trial, it would be vexatious to allow him another, on the usual affidavit, and without showing any diligence in the mean time. The first adjournment prayed for by the defendant was for time to prepare for trial, and was a substitute for an adjournment on affidavit and security. Both the witnesses whose names were given by the defendant, lived within four miles of the court. The defendant is always entitled, as of right, to one adjournment, to procure testimony, on making the requisite oath ; but if he neglects to take out *subpœnas*, or make any effort to procure his witnesses after issue joined, and after an adjournment on his own motion, he ought not, in reason and justice, to be entitled to a farther adjournment, without some special cause shown for the non-attendance of his witnesses, or for the adjournment. On the adjourned day, after issue, the plaintiff is supposed to appear with his proof, and the jury to appear upon the *venire*, and it would be an abuse, for the defendant to be entitled, as of course, to another adjournment to procure his testimony, without having taken any one step towards it, in the mean time, or shown any one reason why he has omitted to do it. The statute could not have intended to help a party in his wilful negligence. In the case of *Easton* v. *Coe*, (2 *Johns. Rep.* 383.) it was to be presumed efforts had been made, during the first adjournment, to procure the witness, for it appeared, on the second application, that the witness lived out of the county. It was assumed in that case, that the application was made without any imputable neglect, for none appeared or was pretended ; but here the court cannot avoid seeing that the application was founded on gross neglect, and it was, therefore, properly overruled, as too late, without some special cause shown.

Judgment affirmed.