## STATE OF IOWA;

### DES MOINES, JUNE TERM, A. D. 1866.

IN THE TWENTY-FIRST YEAR OF THE STATE.

PRESENT:

Hon. RALPH P. LOWE, Chief Justice.
" JOHN F. DILLON,
" CHESTER C. COLE, } Judges.
" GEORGE G. WRIGHT,

---

## BURKE v. JEFFRIES et al.

1. **Municipal corporation:** REVENUE. There is no provision in the "act for the incorporation of cities and towns," approved March 23d, 1858, for the levy and collection of taxes, and for sales for delinquent taxes in cities incorporated under a special law.

2. **Repeal:** BY IMPLICATION. Repeals by implication are not favored by the courts.

3. **Municipal corporations:** STATUTE CONSTRUED. Section 1123, Rev. of 1860, applies only to the towns and cities organized under the general

VOL. XX.—19

act, and to those which should adopt it, and not to those owing their chartered existence to special acts.

4. —— CASE DOUBTED. The case of *Whiting* v. *The City of Mount Pleasant*, 11 Iowa, 482, doubted.

*Appeal from Pottawattamie District Court.*

THURSDAY, APRIL 5.

DEFENDANTS made to plaintiff a deed, with the usual covenants, dated March 21, 1864. This action was brought for a breach of said covenant, arising as follows: In 1861, the property (situated in the city of Council Bluffs) was sold for the taxes of 1860, and prior years, under "an act entitled an act to amend the charter of the city of Council Bluffs, approved January 23, 1857," and a deed made in pursuance thereof, by the mayor of said city. Defendants demurred to the petition upon the ground that the tax sale was invalid, inasmuch as it and all the prior proceedings should have been made and conducted under the act of March 23, 1858, entitled "an act for the incorporation of cities and towns."

The demurrer was overruled, defendants excepted and appeal.

*Bloomer* and *Ross* for the appellant.

*Clinton & Sapp* for the appellees.

WRIGHT, J.—This case involves the single question, whether the authorities of Council Bluffs city, in the levy

1. MUNICIP-AL COR-PORA-TION: revenue.
and assessment of city taxes and tax sales thereunder, in 1861, were to be governed by the provisions of their local charter, or whether the general act upon this subject, "approved March 23, 1858," governs and controls. For it is conceded, that if

Burke v. Jeffries.

the latter act governs, the sale for taxes was invalid, and there was no incumbrance upon plaintiff's title, and no breach of the covenants contained in defendant's deed. And following these concessions would be the conclusion, that the demurrer should have been sustained. Our opinion is, that the general act does not govern, and as a consequence, that the demurrer was properly overruled.

The first section of the general act declares, that " none of the provisions shall apply to cities or towns already incorporated, otherwise than is therein provided." Rev., § 1030, p. 167. Now there is no provision applying expressly, in the general law (as in said act contained) to the levy and collection of taxes, and sales for delinquent taxes to cities incorporated under a special law. Such construction can only be claimed by implication. And in view of the express provisions of the first section of the general law, it seems to us, that unless the subsequent provisions relied upon by the appellant apply in terms to the levy, assessment and. collection of municipal taxes in cities previously incorporated, or it can be seen that there is a clear and necessary implication that they were intended to be thus applied, the general and special statutes on this subject must both be in force. The change or repeal

**2. Repeal: by implication.** ought not to rest on an implication forced and possible merely. We know that repeals by implication are not favored, and a court ought to hesitate much more in declaring or recognizing such repeal, when the alleged repealing act disclaims, in advance, such intention. Section 1123, referred to by appellant, can have full

**3. Municipal corporations: statute construed.** force and meaning without extending it to cities already incorporated. The words "any municipal corporation," apply to those incorporated under that act, or to such as should adopt it, and not those owing their chartered existence to a special statute. And thus we see we give full life to both statutes, without

violating any rule of construction; and at the same time keep in view the express declaration of almost the first words of the general law. The other construction would ignore the force and meaning of this declaration and make the general statute apply to cities previously organized, unless they are excepted in terms or by necessary implication. And this conclusion we may remark, derives no little weight from two additional considerations.

The first is, that the legislature, in 1862 (extra session in September, ch. 25), expressly provided a method by which cities or towns incorporated under special charters might be organized under the general law. And see, also, as not in conflict with this view, Rev., § 1144 and ch. 25, act 1864.

The second is, that while our general act for the incorporation of cities and towns is taken almost literally from the Ohio statute (2 Ohio R. S., 1860, p. 1491), it differs from it in the material feature that their statute proposed and was intended to abolish all special charters, and to give to all cities and towns a general uniform law, while ours starts out with expressly disclaiming such intention. And it is because of this intention in the one case and its denial in the other (a difference in purpose, perhaps, not sufficiently realized at the time our act was drafted and passed) that much if not all the difficulty in the proper construction of our statute arises.

Counsel refer to and rely upon *Whiting and Whiting* v. *The City of Mt. Pleasant,* 11 Iowa, 482. That case arose

4. —— case doubted.

upon other sections of the general law than those now under consideration. Upon principle perhaps, and especially in view of some of the reasons there presented, that case is hardly reconcilable with this. We confess our inability to now coincide with all the views there expressed; and so far as the case establishes or

recognizes any different rules from those above enunciated, it must be regarded as overruled.

The chief justice desires it stated, however, that while he is not prepared to say that the conclusion reached in *Whiting and Whiting* v. *The City of Mt. Pleasant*, was, upon the facts of the case, at the time erroneous, he yields his assent to the present ruling because of the subsequent legislation, giving unmistakably a different construction to the purview and object of the general law.

Affirmed.