# THE PEOPLE *v.* ANTONIO SASSOVICH.

CONSTITUTIONALITY OF LAWS.—An Act deliberately passed by the Legislature must be regarded by the Courts as valid unless it is clearly and manifestly repugnant to some provision of the Constitution.

NUMBER OF JUDICIAL DISTRICTS IN THIS STATE.—Section five of Article VI of the Constitution does not restrict the number of judicial districts in this Sta e to fourteen, provided the number is increased by a two-thirds vote of the Legislature.

THE TITLE TO AN OFFICE CANNOT BE QUESTIONED COLLATERALLY.—One entering into the possession of the office of Judge of a District Court, by color of right, becomes a Judge *de facto,* and his title to the office can be questioned only by an action brought directly for that purpose.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The appellant was tried in the Fifteenth District Court, in and for the City and County of San Francisco, at the June term of said Court, 1865, for the crime of murder, was found guilty by the jury of murder in the first degree, and sentenced to be hung.

Prior to judgment, appellant moved said Court in arrest of judgment upon two grounds:

*First*—That there is no such Court as the Fifteenth Judicial District Court of the State of California legally in existence, because the Constitution of the State limits the number of judicial districts to fourteen, and the Legislature has no power to increase or diminish them.

*Second*—That the Governor of California had no authority under the Constitution to appoint Hon. S. H. Dwinelle to act as Judge of said Court, admitting the same to be legally organized by the Act of the Legislature of 1864, and therefore the trial and conviction of appellant was *coram non judice.*

The Court denied the motion in arrest of judgment, to which ruling the defendant excepted.

*George W. Tyler,* for Appellant.

I contend that the number of judicial districts in this State is fixed by the Constitution at "fourteen," and that the number cannot be increased or diminished by the Legislature.

That the number of districts to which the State must be divided into is fourteen, no one will deny. That the Legislature is not given the power to increase or diminish that number in express terms, is apparent upon the face of the instrument. If the power exists it must be implied from the language used. It can be implied from no other word than that of " alteration." Something is " subject to alteration." What is it? Why, the " fourteen judicial districts." The Legislature can alter these districts " from time to time," that is, take a county from one and add to another, or provide for the organization of new counties, and place them in either of the districts at pleasure, " as the public good may require," but they cannot interfere with the number.

The meaning of the word " alteration " is, " the act of making different, or of varying in some particular; an altering or partial change; also, the change made or the loss or acquisition of qualities, not essential to the form or thing." It applies to an article or thing already in existence, and in which article or thing some partial change is made. Power to alter cannot imply power to create. They are as distinct and different as it is possible to imagine.

*John W. Dwinelle,* for Respondent.

The appellant insists that the *number* of districts was limited by the above section to fourteen, and that the power of alteration therein conferred on the Legislature applies solely to the boundaries of the districts so established; the respondents contend that such power of alteration extends to the number of the districts, so that the Legislature could, under the terms of the Constitution, increase the number of districts beyond the original number of fourteen.

What is the substantive matter of the provision under consideration? It is simply legislating concerning the number of judicial districts which were then to be created for the State of California. The Legislature were to begin with the number of fourteen. It was the number of districts which was

61

the subject matter of this constitutional legislation, and to that number, therefore, the qualifying phrase "subject to such alteration from time to time," must refer to its antecedent. The phrase " districts " is a mere qualification of the number. Fourteen what? " Into a number of districts, which shall be fourteen," is the answer; and that is the full reading of the phrase, the word " number" being understood.   So stands the result of logical analysis.

By the Court, SANDERSON, J.

The following points are made upon this appeal :

1. That the Act of the 4th of April, 1864 (Statutes of 1863–64, p. 497), by which the number of judicial districts was increased to fifteen is in conflict with the fifth section of the Sixth Article of the Constitution, and therefore null and void.

2. That admitting the Act in question to be constitutional, so far as the creation of the Fifteenth Judicial District is concerned, the Governor had no power, under the Constitution, to appoint and commission a Judge of the Court thereby created, as required and directed by the sixth section of said Act.

The rules by which Constitutions are to be construed when the validity of an Act of the Legislature is brought in question were elaborately considered by us in *Bourland* v. *Hildreth*, 26 Cal. 180–225, and therefore need not be specially considered in this place.   It is well settled that every Act deliberately passed by the Legislature must be regarded by the Courts as valid unless it is clearly and manifestly repugnant to some provision of the Constitution.   The people must not be deprived, by judicial construction, of their prerogative right to declare, through the Legislature, what shall be the rule in a given case upon the mere conjecture or suspicion that they have already declared their will upon that subject in the Constitution.   Nothing short of a constitutional prohibition, so explicit and clear as to leave no reasonable doubt

upon the mind, can justify the Courts in declaring an Act of the Legislature null and void. If, in the presence of opposing reasons the judicial mind, guided by legal rules of construction, hesitates, the question is already decided and a conclusion is already reached.

The language of the Constitution which the present case presents for construction, is as follows :

" ART. 6, SEC. 5. The State shall be divided by the Legislature of 1863 into fourteen judicial districts, subject to such alteration from time to time, by a two-thirds vote of all the members elected to both Houses, as the public good may require." * * * *

It is claimed on the part of the appellant that the number of the districts is permanently fixed and established by the foregoing provision of the Constitution, and that the Legislature therefore has no power either to increase or diminish it.

In support of this construction we must confess that counsel for the appellant has filed an able and ingenious argument, but in our judgment it lacks that conclusiveness which the rule of construction already suggested demands. The argument is drawn mainly from the rules of syntax, and chiefly turns upon the question as to what is the antecedent of the qualifying phrase, " subject to such alteration," etc. And it is claimed that the antecedent of that phrase finds full expression in the single word " districts." That such is the case, when considered in the light of the strictest rules of syntax, cannot be affirmed beyond all reasonable doubt, in our judgment.

A qualifying phrase does not always bear relation to a single word, noun or pronoun, as its antecedent; on the contrary it may, and frequently does, have another phrase or sentence as its object of relation. Treating the question, then, as a question in grammar only, may it not be claimed with equal certainty that the entire phrase " fourteen judicial districts " is the antecedent of the phrase " subject to be altered." If so the word " fourteen " is brought within the operation of

the words " to be altered " or " alteration," to use the precise word employed in the Constitution, and is qualified thereby. Thus the exact antecedent of the phrase in question may be found in a full answer to the question, " what is to be subject to alteration ?" which answer is, " the fourteen judicial districts." If the entire expression " the fourteen judicial districts " may be taken as the grammatical antecedent of the qualifying phrase in question it follows that the Legislature may " alter " the number of the districts as well as their extent.

But it is claimed that to thus interpret the word " alteration " is to strip the verb " to alter " of its own appropriate sense and to use it in the sense of " to create." The criticism, however, is without substance. " To alter " is " to change." While it might be more exact, when speaking of a number with a view to its change, to employ the words " increase " or " diminish " it cannot be affirmed but their places may be efficiently filled by the words " to change " or " to alter." On the contrary each of the two latter are more comprehensive terms and embrace both of the former. It is not a violation of usage, which is the law of language, to speak of the increasing or diminishing of a given number as a change or alteration of the number, although perhaps less exact than the words " increase " and " diminish." Were one to speak of the change or alteration of the number of the districts or counties of the State, there could be no doubt as to his meaning, nor could his language be made the subject of just criticism.

But without dwelling further upon this line of argument it is sufficient to say that all questions depending for their solution mainly upon the rules of syntax must be solved more by mere intuition than by reasoning and deduction. In such cases the view is generally limited to a single sentence or a phrase. We read the disputed passage and the mind intuitively perceives that its meaning is obvious or doubtful, or that from a want of exactness in its terms, it is susceptible of two readings. The one or the other conclusion is reached immediately without the intervention of other ideas brought

into play by some process of reasoning upon the meaning and collocation of words.

So it is in the present case. We have carefully read the language in question and are not prepared to say, beyond all reasonable doubt, that the legislative construction is not correct.

A further argument in support of our conclusion might be drawn from a comparison of the language of the old Constitution with that under consideration, and a reference to the construction of the former, as universally recognized and sanctioned by every department of the State government from its foundation until the recent change in its fundamental law; but we deem further discussion unnecessary and are content to leave the question at the point already reached.

That the second point cannot be sustained in this action does not admit of debate. The person who filled the office of Judge at the time this case was tried was appointed and commissioned by the Governor under and in pursuance of the provisions of the Act in question. He entered therefore under color of right and title to the office, and became Judge *de facto* if not *de jure*, and his title to the office cannot be questioned in this collateral mode. (*The People* v. *White*, 24 Wend. 539; *McInstry* v. *Tanner*, 9 John. 133; *Hildreth's Heirs* v. *McIntire's Devisee*, 1 J. J. Marshall, 206.) His title can only be questioned in an action brought directly for that purpose as provided in the fifth chapter of the Practice Act. The acts of *de facto* officers must be held valid as respects the public and the rights of third persons. A contrary doctrine, for obvious reasons, would lead to most pernicious results.

The judgment is affirmed and the Court below is directed to appoint a day for the execution of its sentence.