The Town of Decorah v. Bullis.

Reversed.

---

## The Town of Decorah v. Bullis.

1. Municipal corporation: SPECIAL CHARTER: GENERAL ACT. The general provisions of the act of 1858 (Rev. ch. 51) for the incorporation of towns and cities, do not apply to a town organized and acting under a prior special charter. Nor would the mere fact that a town thus organized elected its officers pursuant to the act of 1858, instead of as provided by its special charter, amount to an organization under said act.

2. —— POWER OF OFFICERS THUS ELECTED. And where the officers thus elected are different from those provided for in the special charter, elected at a different time and constituting a different body, they cannot exercise the legislative authority conferred by the special charter upon the council therein provided for.

3. —— APPLICATION OF PRINCIPLES. The town of Decorah was organized under a special charter by which the legislative authority of the town was vested in a president and board of six trustees, who were to be elected annually on the last Tuesday in June. On the first Monday of March, 1860, and annually thereafter until 1867, it elected a mayor, recorder and five trustees, under and pursuant to the act of March, 1858, but no other step was taken to abandon the

special charter, and no vote of the people was taken upon the question of such abandonment or of organizing under said act of 1858. The council thus elected passed an ordinance requiring the owners of property on a certain street to build a sidewalk in front thereof. *Held*, that the ordinance was invalid, for the reason that it was not passed by the corporate body in which, under the special charter, the legislative authority was vested.

1. **Officer:** DE FACTO. Before one can claim to be a *de facto* officer, there must be a law creating the office. The office itself must be one *de jure;* the officer may then be one *de facto.*

### *Appeal from Winneshiek District Court.*

### WEDNESDAY, JUNE 3.

MUNICIPAL CORPORATIONS : CODE 1851 : ACT 1858 : OFFICERS DE FACTO : WHEN ACTS VALID, ETC. — Action by the town of Decorah, in its corporate capacity, to recover an assessment from the defendant amounting to $24.12, the cost of building a sidewalk in front of premises owned by him.

On the trial the District Court gave judgment for the defendant, and the plaintiff appeals.

*E. E. Cooley* for the appellant.

*John T. Clark* for the appellee.

DILLON, Ch. J.— The town of Decorah was incorporated in June, 1857, under chapter 42 of the Code of 1851, and adopted a charter by virtue of the author-

1. MUNICIPAL CORPORATION: special charter: general act.

ity thereby given. Section 4 of this charter provided that, "The corporate power of said town shall be vested in a president and board of six trustees, who, among other powers, shall possess legislative authority."

Section 5 of the charter provides that, " The president and board of trustees shall have power to establish such by-laws and ordinances as are necessary and proper for

the good regulation, etc., of said town, * * * and to require the property holders on any street to pave the sidewalk, each in front of his own property, whenever the owners of two-thirds of the lots on such street petition therefor."

The town never abandoned this charter by any formal act to that effect by the corporation or its citizens; nor was any vote of the citizens of the town ever taken on the question of such abandonment, nor on the question of organizing under the act of 1858, chapter 51, of the Revision.

Without any such vote or action, the people of the town, in 1860, elected officers pursuant to the act of 1858. Instead of electing a president, secretary and six trustees, as provided in its charter, it elected, on the first Monday of March, 1860, a mayor, recorder and five trustees, as provided in section 51 of the act of 1858, being section 1081 of the Revision.

The same course was pursued and the same officers elected annually thereafter. This was done upon the assumption that by such election the town was authorized to and did become lawfully re-organized under the act of 1858.

In 1867, the town council, organized as provided by the act of 1858, consisting of a mayor, recorder and five trustees, passed an ordinance, not in the corporate name provided by the charter, but as the town council, and signed by the mayor, requiring the owners of property on a certain street of the town to build a sidewalk in front thereof, and providing, that, if they failed to do so, the street commissioner should construct it, and the expense be collected by action.

The defendant failed to build the sidewalk in front of his property as this ordinance required, whereupon the town built it and brought this action to collect the expense thereof.

The defendant denies the corporate power of the town, under its organic law, to pass such an ordinance. He also claims that, if the constituent act gives the power to pass such an ordinance, it was not passed by the corporate body in which is vested the legislative authority of the corporation.

Did we not deem the most important question here presented as in effect decided by the case of *Burke* v. *Jeffries* (20 Iowa, 145), and the reasoning on which that decision rests, and had the legislature, except as to existing suits, not provided a cure for cases like the present (acts 1868, ch. 80, p. 105, § 3), we might regard it as necessary to follow counsel in their very exhaustive and full arguments upon the various questions involved.

Under these circumstances, the court will state its opinion, without much elaboration upon the propositions essential to the determination of the present appeal.

1. We are of opinion that the act of 1858 did not in its provisions apply to the town of Decorah, which, at the time of the passage of said act, was already incorporated. § 1. It is not necessary to say that none of the provisions of that act were intended to apply to existing corporations except section 61; it is only needful to decide, as we do, that none of the sections, and particularly section 51, involved in the determination of the present cause, apply to towns created and organized as was the town of Decorah, and in existence at the date of the taking effect of the act of 1858.

The grounds of this opinion will be found stated in *Burke* v. *Jeffries, supra.* Towns incorporated under special act and under the general law of the Code of 1851 (ch. 42) stand, in this respect, upon the same footing.

The correctness of this view is manifest by a fair construction of the act of 1858 in the light of its origin, and is corroborated by the subsequent legislation on the sub-

ject. See act 1862, ch. 25, p. 23, extra session; act 1866, p. 61; act 1868, ch. 80, p. 107.

Following from this is the conclusion that the town of Decorah did not, by the mere election of officers, under the act of 1858, become in law organized thereunder and authorized to exercise the powers therein conferred upon the corporations to which it was applicable.

This being so, another conclusion follows, viz., that the organic act of the town was and continued to be chapter 42 of the Code of 1851, and the charter adopted thereunder.

2. The court is of the opinion that the sidewalk ordinance of 1867, above referred to, must be regarded in this

*2. —— power of officers thus elected.* proceeding (which necessarily involves the question of its validity) as unauthorized and without binding force, the present action being excepted from the curative effect of the act of 1868. Laws 1868, ch. 80, p. 105.

This opinion rests upon the ground that the powers of a municipal corporation must be exercised by the proper governing body, and in the manner required by the constituent act or charter.

By the charter, the legislative authority of the town was vested in a president and board of six trustees. These officers were by the charter (§ 22) required to be elected annually " on the last Tuesday in June."

This body, and not another body, must exercise the legislative authority of the corporation. To no other body does the organic law of the place give the power to pass ordinances.

The body which passed the ordinance in question was in law a different body from that provided for in the charter. It was elected under a different law, that is, under the law of 1858, not under the law of 1851; and the law of 1858 in this respect, at least, had, as we have

seen, no application to the town of Decorah. The election was held at a different time from that required by the charter. The body elected was a different body, because differently named and differently constituted. It consisted of a mayor, recorder and five trustees, and not of a president and six trustees. This latter body was not, in law, the legislative body of the corporation.

It is true that it may have supposed it was, and on this assumption have undertaken to exercise the corporate powers of the town. But the defendant, in an action brought by the corporation itself and based upon the validity of the powers thus assumed, questions, and has a right to question, the truth of this assumption.

This assumption, originating doubtless in an honest mistake growing out of the bungling phraseology of the act of 1858, may be validated by the authority of the legislature; but without such curative intervention the courts cannot, in an action like the present, hold that it is legal.

If the corporate body which passed the ordinance had assumed to act under and by virtue of the charter — had claimed to exercise the powers given by chapter 42 of the Code — in other words, had assumed and claimed to be the president and trustees of the town under its organic act — their acts as such officers, being in such case officers *de facto*, would undoubtedly be valid.

But the body which passed the ordinance made no such claim and assumed no such powers. They claimed to act under the statute of 1858, not as the legislative body authorized by the charter and chapter 42 of the Code, but as the legislative body of a new or re-organized corporation, whose existence in point of law was mythical.

Their assumed legislative acts must be declared void when, as in this case, the corporation is seeking to enforce them. Whether, without the remedial aid of the legisla-

ture, they would be so as to all persons and under all circumstances, we need not stop to discuss.

The only doubt the court has had respecting this case is, whether it was not one in which to apply the doctrine 4. OFFICER: that the acts of *de facto* officers, as distin-*de facto.* guished from the acts of mere usurpers, are valid. *The People* v. *Stevens,* 5 Hill, 616; *The State* v. *Jacobs,* 17 Ohio, 143; *The People* v. *Bartlett,* 6 Wend. 422; *The People* v. *Runkle,* 9 Johns. 147; id. 135; *Trustees, etc.,* v. *Hills,* 6 Cow. 23; *Williams* v. *School District,* 21 Pick. 75; *Ex parte Strahl,* 16 Iowa, 369; *Cochran* v. *McCleary,* 22 Iowa, 75, 84; *Rex* v. *Mayor, etc.,* 9 Mod. 111; *De Grave* v. *Monmouth,* 4 Car. & P. 411.

But, in addition to the reasons above given, there seems to be an insuperable objection to this view in the fact that before one can claim to be a *de facto* officer of the law, there must be a law creating the office. The office itself must be one *de jure ;* the officer may then be one *de facto.*

To the organic law of the town there was no such office known as the office of mayor; no such office known as that of recorder; nor any such office as the five trustees specified in section 51 of the act of 1858. How then can persons assuming to be mayor, recorder and trustees, elected as such, styling themselves such, and acting and professing to act as such by virtue of a law which has no application to the town, claim to be *de facto* officers of the corporation, when the corporation has in law no power, in any case or under any circumstances, to elect such officers? See *Hildreth's Heirs* v. *McIntire's Devisees,* 1 J. J. Marsh (Ky.), 206; *The People* v. *White,* 24 Wend. 520, 540, 541.

In the Kentucky case just cited, growing out of the famous controversy between the old and new court in that State, Chief Justice ROBERTSON, admitting that there may be *de facto* officers of *de jure* offices, denies that there

is such a thing as a *de facto* office, and characterizes the notion of a *de facto office* as a political solecism, without foundation in reason and without support in law.

Affirmed.