Hon. HENRY N. BLAKE, } JUSTICES.
Hon. WILLIAM J. GALBRAITH. }

PARKS, petitioner for writ of *habeas corpus.*

BUTTE CITY CHARTER — *police magistrate and justice of the peace.— de facto officer — habeas corpus.* The provision in the Butte City charter authorizing the mayor to nominate, and with the advice and consent of the city council, to appoint a police magistrate, and conferring upon such officer so appointed the jurisdiction of a justice of the peace is not in conflict with the Organic Act of the Territory, nor with section 1856 of the Revised Statutes of the United States, which provides that justices of the peace in the several Territories shall be elected by the people in such manner as the respective legislatures may provide, but is a substantial compliance therewith.

A *de facto* officer is one who comes into a legal and constitutional office by color of legal appointment or election. Even though the law under which such officer holds be unconstitutional or repugnant to the laws of congress,

he would still be a *de facto* officer, and his title of office can only be inquired into by direct proceeding instituted for that purpose, and not by a collateral proceeding, as in *habeas corpus*.

THE applicant in this case was at the time confined in the Deer Lodge county jail, under commitment issued by the police magistrate of Butte City in that county. The ground of the application was that such magistrate was not a legal officer and his acts were nullities. The application was first made to the judge of the second district and refused. It was then presented to the supreme court at its August term, 1879.

J. C. ROBINSON, for petitioner.

The case is not *res adjudicata* by having once been presented to the judge of second district court and refused. *Ex parte Kelly*, 28 Cal. 414; *Perkins' case*, 2 id. 424; *Ex parte Bull*, 42 id. 197; *Ex parte Murray*, 43 id. 455; *Ex parte Bowen*, 46 id. 112; *Ex parte Ellis*, 11 id. 222.

The offense for which petitioner was committed was one under the Territorial laws, over which a police magistrate had no jurisdiction, only as he was within the laws a justice of the peace.

The United States Laws, Revised Statutes, section 1856, provide that justices of the peace shall be elected by the people, and any other mode provided by Territorial statute is void.

The provision in the Revised Statutes of the United States was adopted in 1873, subsequent to the passage of our Organic Act, and therefore repeals any thing therein in conflict with it.

The legislature did not design to confer upon this officer full powers of a justice of the peace, which are co-extensive with the county limits, but only within the city limits.

This police magistrate was not a *de facto* officer. *People* v. *Albertson*, 8 How. Pr. 363; *Wilcox* v. *Smith*, 5 Wend. 231.

If acting without color of law his acts are void and the petitioner entitled to his discharge.

TOOLE & TOOLE and SANDERS & CULLEN, contra.

The object of section 1856 of the United States Revised Statutes was solely to permit the people of the Territories as contra-

distinguished from Federal officers to determine who should be justices of the peace, in some method to be prescribed by the legislatures of such Territories.

If the statute is to be literally interpreted it would devolve the election of justices of the peace upon all the people without regard to age or sex.

The methods are left to the legislature, and that prescribed in the charter, which is a public act, is a sufficient compliance with the law.

Even if a justice of the peace could not be elected in the manner provided in this charter, still he would be a *de facto* officer, and his title thereto could only be attacked by writ of *quo warranto* by the Territory.   21 Ohio, 610–18 and authorities cited.

WADE, C. J.   The prisoner comes before this court on a writ of *habeas corpus*.   It appears from the return to the writ that the petitioner, William J. Parks, is imprisoned in the jail of Deer Lodge county by the sheriff thereof under a commitment from the police court of the city of Butte, on a conviction for assault and battery, and that the term of imprisonment has not yet expired.

In this proceeding the petitioner seeks to attack the validity of section 2, article 5, and sections 20 and 22, article 7, of an act to incorporate the town of Butte (11th Session Laws, pp. 80, 86, 87) which sections are in the words following: " Sec. 2. The city council shall have power to appoint all officers except the police magistrate, city attorney, city assessor and marshal, who shall be nominated by the mayor, and by him appointed, by and with the advice of the city council, whose term of office shall be for one year, subject to removal as herein provided."

" Sec. 20. The police magistrate shall have jurisdiction in all cases of violations of the city ordinances, and shall have the same jurisdiction in all civil and criminal proceedings as is now, or shall hereafter be conferred upon other justices of the peace of this Territory, and in all courts of this Territory said police magistrate shall be held to be, and is hereby constituted, a justice of the peace."   *   *   *

"Sec. 22.   *   *   *   The police magistrate shall be a justice of the peace in said county, and he shall have the exclusive jurisdiction of all offenses against the ordinances of said city."   *   *   *

Are these sections of the legislative enactment void because in conflict with the act of congress which provides that "Justices of the peace and all general officers of the militia in the several Territories shall be elected by the people in such manner as the respective legislatures may provide?"   Rev. Stats. U. S., § 1856, p. 329.

1. The Organic Act of the Territory provides that the judicial power of the Territory shall be vested in a supreme court, district courts, probate courts and in justices of the peace.

And it is further provided, that the jurisdictions of the several courts shall be as limited by law.   The act does not limit or restrict the number of justices of the peace that may be had in any township, city or village, and as their jurisdiction depends upon the acts of the legislature, and is as defined by such acts, it was therefore competent for the legislature to establish a justice of the peace court within and for the city of Butte, to define its jurisdiction, and under said section 1856, to provide the manner in which the people should elect a justice of the peace. Is such election provided for in section 2, article 5 of the Incorporation Act?   Or do the provisions of such sections so far conflict with section 1856 as to become null and void?

By the act of incorporation, the police magistrate, who is made a justice of the peace to every intent and purpose, is nominated by the mayor, and by him appointed with the advice and consent of the city council.   In order to measure the scope and effect of this act of the mayor and council, and to ascertain in fact who acts when a police magistrate and justice of the peace is thus appointed or elected, it will be necessary to see by what instrumentality they act, who for, and what authority.

The act incorporating the town of Butte is by its terms made a public act, and therefore stands on an equality with any other public act of the legislature.   Before this act became a law the people of the whole Territory acted upon it, through their representatives in the legislature.   And before the act had any effect

whatever upon the people of the town of Butte, it was submitted directly to the qualified voters thereof, who voluntarily approved of the same, and thereby availed themselves of all the privileges, and took upon themselves all the burdens and disabilities it imposed. The people of the town made this charter their own act, and, therefore, whatever act the charter requires to be performed thereby becomes the act of the people. By the terms of the charter the people declared that the mayor and council, whom they were to elect, should, when elected, name the police magistrate and justice of the peace. This magistrate is created in the manner the people prescribe. They adopt a charter, and thereby become clothed with the authority to elect a mayor and council, whose duty they have declared to be, to elect a magistrate in the manner provided. Therefore, it must be held that the people adopted this charter and elected a mayor and council thereunder, for the express purpose of causing the election of a magistrate in the manner provided by the charter. Thus the people dictate who shall be their magistrate. Their voice is heard twice in the matter. Once in the adoption of the charter, whereby they create the office, and once in the election of the mayor and council whose duty they have declared shall be to name the officer. The act of congress contemplates that the legislature shall dictate the manner in which the people (meaning the qualified electors) shall elect this magistrate. The Incorporation Act submits the question directly to the people to say how such officer shall be created, and this we hold equivalent to an election by the people and a substantial compliance with the act of congress.

2. Was this magistrate an officer *de facto ;* and if so, can the title by which he holds his office be inquired into in this proceeding?

The general language of the authorities is that an officer *de facto* is one who holds an office and exercises the duties thereof under color of right, as by virtue of an appointment or election, the color of title distinguishing · him on the one hand from a mere usurper of an office, and on the other from an officer *de jure.* *Plymouth* v. *Painter,* 17 Conn. 585 ; *Mallett* v. *Uncle Sam G. & S. M. Co.,* 1 Nev. 188 ; *People* v. *Sassovich,* 29 Cal. 485 ; *Town of Decorah* v. *Bullis,* 25 Iowa, 12 ; *Rice* v. *Com.,* 3 Bush,

14; *Brown* v. *Lunt*, 37 Me. 423; *Hooper* v. *Godwin*, 48 id. 79; *Greggs' Township* v. *Jamison*, 55 Penn. 468; *Ex parte Straney*, 21 Ohio, 610; *Pritchett* v. *The People*, 1 Gilm. (Ill.) 525. In *The King* v. *The Corporation of Bedford*, 6 East, 369, Lord ELLENBOROUGH said: "An officer *de facto* is one who has the reputation of being the officer he assumes to be, and yet is not a good officer in point of law."

In *The People* v. *White*, 24 Wend. 539, the chancellor says: "An officer *de facto* is one who comes into a legal and constitutional office by color of a legal appointment or election to the office, and as the duties of the office must be discharged by some one for the benefit of the public, the law does not require third persons, at their peril, to ascertain whether such officer has been properly elected or appointed before they submit themselves to this authority, or call upon him to perform official acts which it is necessary he should perform."

In *Brown* v. *Lunt*, 37 Me. 428, the court says that a *de facto* officer is: "One who actually performs the duties of the office with apparent right under claim or color of appointment or election. He is not an officer *de jure*, because not in all respects qualified and authorized to exercise the office; nor an usurper who presumes to act officially without any just pretense or color of title. The mere claim to be a public officer will not constitute one an officer *de facto*. There must be at least a fair color of right or an acquiescence by the public in his official acts so long that he may be presumed to act as an officer by the right of election or appointment."

These authorities proceed upon the hypothesis that the *office* to which the officer is elected or appointed is a legal, constitutional office. The office must be *de jure*, while the officer may be *de facto*. *The Town of Decorah* v. *Bullis*, 25 Iowa, 12.

It was not questioned at the bar, and it cannot well be doubted that the legislature has authority under the Organic Act to establish the office of justice of the peace for the town or city of Butte. Being legally constituted, it thereby became an office that might be filled by a *de facto* officer, and the magistrate who issued the warrant of commitment herein, having been appointed

to his office by virtue of a statute in full force, holds the same by color of law, and thereby becomes a *de facto* if not a *de jure* officer.    And even if the law under which the appointment was made was unconstitutional, it would give color to the appointment, and the officer appointed by virtue thereof would become a *de facto* officer.    "The true doctrine," says the court in *Ex parte Straney*, 21 Ohio St. 618, "seems to be that it is sufficient if the officer holds the office under some power having color of authority to appoint; and that a statute, though it should be found repugnant to the Constitution, will give such color."    See, also, the following authorities cited in the foregoing case : *Taylor* v. *Skrine*, 3 Brev. 516 ; *Brown* v. *O'Connell*, 36 Conn. 432 ; *The State ex rel. Attorney-General* v. *Messmore*, 14 Wis. 164 ; *State* v. *Bloom*, 17 id. 521 ; *The People ex rel. Ballou* v. *Bangs*, 24 Ill. 184.

The office of police magistrate and justice of the peace having been legally established in the city of Butte, and the officer having been appointed thereto by virtue of a public act of the legislature in full force, thereby became a *de facto* officer, even though the law authorizing the appointment were repugnant to the act of congress and the organic laws.

3. If the magistrate was an officer *de facto* his judgments will be as unquestionable in the collateral proceedings by *habeas corpus* as if he were a magistrate *de jure*. *Ex parte Straney*, 21 Ohio St. 616.    If he holds his office by color of right, though he is not an officer *de jure*, his right will not be inquired into on *habeas corpus*.    His title can only be determined in a direct proceeding instituted for that purpose.

There seems to be no conflict in the authorities upon this proposition.    See *Ex parte Strohl*, 16 Iowa, 369 ; *The People* v. *Sassovich*, 29 Cal. 485, and authorities cited ; *The Town of Lewiston* v. *Proctor*, 23 Ill. 533 ; *Douglass* v. *Wickwire*, 19 Conn. 489 ; *Facey* v. *Fuller*, 13 Mich. 527 ; *Bean* v. *Thompson*, 19 N. H. 290; *Commonwealth* v. *McCombs*, 56 Penn. St. 436 ; *Ex parte Pat Murray*, 43 Cal. 455.

Application for discharge is, therefore, denied and the prisoner remanded.                                    *Application denied.*