EX PARTE HIBBERT JOHNSON.

1.  **Officer De Facto:** ACTS VALID.   The acts of an officer *de facto* are not void.

2.  **Office:** RIGHT TO HOLD.   The right of an incumbent to hold an office will not be enquired into collaterally.   Such can only be done by a direct proceeding instituted for that purpose.

3.  **Habeas Corpus:** IMPRISONMENT MUST BE UNLAWFUL. Where a person has been duly convicted of a misdemeanor and ordered to pay a fine, or in default thereof be committed to the jail of the county until such fine and the costs are paid, he cannot be discharged upon a writ of *habeas corpus* without first complying with the judgment of the court.

REESE, J.

This is an original application for a writ of *habeas corpus*.

There are two questions presented upon which the writ is sought.

1st. It is claimed that the justice of the peace before whom the petitioner was tried and convicted upon a criminal complaint was not in fact such officer; but he claimed, held, and usurped said office without authority of law.

· It clearly appears from the petition and copies of the docket entries attached, that the justice claims to hold and exercise the functions of his office by right.

It is well settled that the acts of an officer *de facto* are valid, and it as clearly appears that the justice before whom the petitioner was tried and convicted was, at least, an officer *de facto*.

Again, the title to an office, by which one holds and exercises the functions of such office, cannot be litigated in this collateral way. It can only be done by a direct proceeding instituted for that purpose.

2d. It is contended by the applicant that the mittimus by which he is held is void, it being a command to detain him until the next term of the district court, when it should have been until the fine and costs assessed against him were paid. By reference to the docket entry of the justice, we find the following recital: "Said defendant refused to pay the above fine and costs. I therefore issued mittimus committing him to the common jail of said county until said fine and costs be paid, or he be otherwise discharged by due course of law." The fine and costs have not been paid. The writ is therefore denied. By the court,

WRIT DENIED.

*Hastings & McGintie*, for the petitioner.